UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

DON C. PERRY, )
)
    *Plaintiff,* )
v. ) No. 4:12-cv-3
) *Judge Mattice*
EDDIE KNOWLES, WARREN COUNTY )
JAIL ADMINISTRATOR; In His )
Individual and Official Capacities, )
)
    *Defendant.* )

## MEMORANDUM

This *pro se* prisoner's 42 U.S.C. § 1983 civil rights action for compensatory damages and injunctive relief was transferred to this Court from the Middle District of Tennessee after it assessed the filing fee. Plaintiff Don C. Perry ("Plaintiff") has sued Eddie Knowles, the Warren County Jail Administrator ("Defendant"), complaining he was incarcerated under unconstitutional jail conditions (Doc. 1).

The pleading contains claims against Defendant for confiscating unidentified religious material, failing to tell Plaintiff the time so he would know when to pray, and housing Plaintiff together with another inmate in a one-man cell without running water or room to pray (Doc. 1). For the reasons which follow, Plaintiff's complaint will be **DISMISSED** (Doc. 1), and his motion to amend, to add three new defendants, will be **DENIED as MOOT** since his complaint is being dismissed, and he has failed to alleged any constitutional violations against any of the three defendants (Doc. 9).

## I. STANDARD OF REVIEW

### A. 42 U.S.C. § 1983

Plaintiff alleges constitutional violations of his First and Eighth Amendment rights and his rights under the Religious Land Use and Institutionalized Person Act ("RLUIPA"). In order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Specifically, to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155-156 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).

To maintain a cause of action for damages under 42 U.S.C. § 1983, a plaintiff must also allege the defendant caused the plaintiff an injury and show actual damages. *See Carey v. Piphus*, 435 U.S. 247, 255 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Zehner v. Trigg,* 952 F.Supp. 1318, 1321 (S.D. Ind.), *aff'd* 133 F.3d 459 (7th Cir. 1997); *see also* 42 U.S.C. § 1997e(e) ("No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.").

Although the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts underlying the claim, the plaintiff must provide sufficient allegations to give defendants fair notice of the claims against them. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). Thus, to state a

§ 1983 claim, a plaintiff must allege sufficient facts that, if true, would establish he incurred an injury when the defendants deprived him of a right secured by the Constitution of the United States while they acted under color of law. *See Brock*, 94 F.3d at 244.

### B. Title 28 U.S.C. §§ 1915(e) and 1915A Screening

Under 28 U.S.C. §§ 1915(e) and 1915A, a court is required to screen civil complaints brought by prisoners proceeding *in forma pauperis* and to dismiss an action at any time if the court determines that it is frivolous or fails to state a claim upon which relief can be granted. In performing this task, the Court bears in mind the rule that *pro se* pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). After reviewing the pleading filed in this case, the Court finds *sua sponte* dismissal is the appropriate disposition of this action.

## II. FACTS

The complaint contains the following allegations against Defendant. On September 8, 2011, Plaintiff was placed in a one-man cell with another inmate. The cell lacked running water, the commode was inoperable, and there was insufficient space for Plaintiff to pray. On that same date, Defendant confiscated all of Plaintiff's unidentified religious material. On September 16, 2011, Plaintiff filed a grievance concerning the confiscation of his religious material. Although he received no response, on October 12, 2011, Defendant returned Plaintiff's "miswaak" to him but said he could

not have his religious material to study and refused to tell him the time.[1]  When Plaintiff asked different security guards for the time, they refused to respond (Doc. 1).

Plaintiff requests the return of the unidentified religious material and compensatory damages for his pain and suffering and mental grief.

## III. DISCUSSION

Although Plaintiff does not identify the authority under which he brings his denial-of-religious-materials claim, the Court will address it as a claim that Defendant violated both his First Amendment right to the free exercise of religion and his rights under RLUIPA by confiscating this religious material.

### A. First Amendment Claim

Plaintiff alleges Defendant violated his First Amendment right to the free exercise of religion when he confiscated his unidentified religious materials and when Defendant refused to tell him the time so that he would know when to pray.  "A prisoner alleging that the actions of prison official violated his religious beliefs must show that 'the belief or practice asserted is religious in the person's own scheme of things' and is 'sincerely held.'"  *Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001) (quoting *Kent v. Johnson*, 821 F.2d 1220, 1224 (6th Cir. 1987)).

Plaintiff has failed to present any evidence regarding the sincerity of his religious beliefs.  Not only has Plaintiff failed to allege he has sincerely held religious beliefs, he has failed to identify his religion, his beliefs, or the contents of the seized materials.  Consequently, Plaintiff has failed to meet the first requirement for alleging a §1983 First Amendment free-exercise-of-religion claim, as he has not alleged Defendant

---

[1]  Because Plaintiff signed his complaint on October 17, 2011, the Court presumes the reference to "Wed. 12, 2011" is October 12, 2011.

"substantially burdened his sincerely-held religious beliefs." *Boles v. Neet*, 486 F.3d 1177, 1182 (10th Cir. 2007) (Plaintiff must allege facts showing conduct "substantially burdened his sincerely-held religious beliefs" before warden has to identify a legitimate penological reason for the impingement).

Here, Plaintiff has not made the requisite showing in this case because he has neither alleged he holds any sincere religious beliefs, identified any sincerely held religious beliefs, or identified the confiscated material seized by Defendant and alleged it was necessary for the practice of his religion. Accordingly, because Plaintiff has failed to allege this threshold requirement, his First Amendment claim fails and his First Amendment religious claims against Defendant in his individual and official capacities will be **DISMISSED**.

### B. RLUIPA Claim

Presuming Plaintiff is claiming that, by seizing his alleged religious material and refusing to tell him the time, Defendant violated RLUIPA, he has failed to state a claim. Under RLUIPA,

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person- -
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest

Title 42 U.S.C.A. §2000cc-1(a) (1)-(2).

> RLUIPA thus requires an inmate to show that his or her religious exercise was substantially burdened. An action will be classified as a substantial burden when that action forced an individual to choose

> between following the precepts of her religion and forfeiting benefits or when the action in question placed substantial pressure on an adherent to modify his behavior and to violate his beliefs.

*Barhite v. Caruso*, 377 Fed. Appx. 508, 511 (6th Cir. 2010) (internal punctuation and citations omitted).

Plaintiff has failed to allege that the confiscation of this alleged religious material or the failure to tell him the time of day substantially burdened the exercise of his religion. Indeed, as previously noted, Plaintiff not only fails to identify his religion, he fails to identify the specific material he claims was confiscated and how it is used in his religious practices. On page six of his complaint he claims Defendant returned his "miswaak" but the Court's research failed to reveal the definition of this word and, in any event, this statement is insufficient to meet Plaintiff's burden to state a constitutional violation.[2] Consequently, Plaintiff has failed to satisfy the initial step needed to establish a RLUIPA claim−that the prison official imposed a substantial burden on his religious exercise by confiscating religiously necessary materials. Accordingly, his RLUIPA claim will be dismissed.

### C. Housing Claim

Plaintiff complains that on September 8, 2011, he was placed in a one-man cell with another inmate without running water or a working commode. Notably, Plaintiff simply claims his cell lacked running water and a working commode – not that he was denied use of facilities in the jail with running water and a working commode. In

---

[2] The Court's research did reveal that a miswak has religious connotations in the Muslim religion. A "miswak" may refer to a twig that is sometimes used by Muslims to clean their teeth before religious practices, before entering one's house, before and after a journey, and on other occasions. http://en.wikipedia.org/wiki/Miswak (last visited Oct. 4, 2012).

addition, Plaintiff fails to identify the length of time he was housed under such conditions.

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment[.]" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal punctuation and citations omitted). The Eighth Amendment's prohibition of "cruel and unusual punishments," restrains prison officials from using excessive physical force against prisoners and requires humane conditions of confinement i.e., adequate food, clothing, shelter, and medical care. In addition, prison officials "must take reasonable measures to guarantee the safety of the inmates[.]" *Id.* (internal punctuation and citations omitted).

To establish an Eighth Amendment violation in the context of a challenge to conditions of confinement, Plaintiff must allege a "sufficiently serious" deprivation under an objective standard, and that Defendant acted with deliberate indifference to his health and safety. *See Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991). A sufficiently serious deprivation under an objective standard requires the deprivation of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (double celling inmates is not *per se* unconstitutional).

Here, Plaintiff has not alleged the deprivation of "the minimal civilized measure of life's necessities." Specifically, Plaintiff does not allege the double-celling here led to deprivations of shelter, food, clothing, or medical care. Even though there was no running water in Plaintiff's jail cell and his commode was not working, Plaintiff does not

7

contend he was denied bathroom facilities, water, or any other "civilized measure of life's necessities." Accordingly, because Plaintiff has failed to allege an Eighth Amendment constitutional violation in relation to the conditions of his confinement his conditions claim against Defendant in his individual and official capacities will be **DISMISSED**.

IV. **CONCLUSION**

For the aforementioned reasons, because Plaintiff has failed to state a constitutional claim against Defendant, this action will be *sua sponte* **DISMISSED** (Doc. 1) in its entirety and his motion to amend will be **DENIED as MOOT** since his complaint is being dismissed, and he has failed to alleged any constitutional violations against any of the three defendants (Doc. 9). 28 U.S.C. §1915A(b)(1).

An appropriate judgment order will enter.

       */s/ Harry S. Mattice, Jr.*
       HARRY S. MATTICE, JR.
       UNITED STATES DISTRICT JUDGE